IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| NATALYA BEZMENOVA, | |
| Plaintiff, | |
| v. | Civil Action No. 8:13-cv-00003-AW |
| OCWEN FINANCIAL CORPORATION et al., | |
| Defendants. | |

## MEMORANDUM OPINION

Pending before the Court is Defendants' Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a natural person who resides in Gaithersburg, Maryland. Defendants are corporate entities that operate as mortgage lenders and servicers.

Before March 3, 2011, a company named Saxon serviced Plaintiff's home loan. Plaintiff fell behind in her mortgage payments. Saxon brought a foreclosure action in state court. On March 3, 2011, Plaintiff allegedly entered into a settlement agreement with Saxon. The agreement, which the Complaint incorporates by reference, does not appear to contain Plaintiff's signature. However, Plaintiff has adduced evidence suggesting that a Saxon representative accepted the agreement without her signature. Although this document is extraneous to the Complaint, it serves to clarify Plaintiff's allegations surrounding her relationship with Saxon and whether she executed the settlement agreement. *Cf. Pegram v. Herdrich*, 530 U.S. 211, 230 &

1

n.10 (2000) (stating that courts may consult parties' legal memoranda to clarify the meaning of ambiguous complaints). As a result of the settlement agreement, Plaintiff's monthly mortgage payments were reduced to around $1,000 a month.

Shortly after Saxon and Plaintiff allegedly entered into the settlement agreement, Saxon assigned its interest in the loan to Defendants. In January 2012, Defendants sent Plaintiff correspondence stating that, effective February 1, 2012, Plaintiff's monthly mortgage payment would increase to $2,220.15. Evidently, Defendants have filed a foreclosure action in state court that has been stayed pending the outcome of these proceedings.

Plaintiff originally filed suit in state court. Defendants removed the case on January 2, 2013. On the same day, the Clerk registered Plaintiff's Complaint. Doc. No. 2. Based on the foregoing allegations, Plaintiff asserts a breach of contract claim and fraud claims under the MCPA. Defendants moved to dismiss on January 9, 2013. Doc. No. 7. Defendants' Motion to Dismiss is ripe.

## II.     STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. LEGAL ANALYSIS

#### A. Breach of Contract

"Under Maryland law, the elements of a breach of contract are 1) a contractual obligation and 2) a material breach of that obligation." *Cowan Systems LLC v. Ocean Dreams Transp., Inc.*, Civil No. WDQ–11–366, 2012 WL 4514582, at *3 (D. Md. Sept. 27, 2012). The elements of a contract, in turn, "are offer, acceptance, and consideration." *B-Line Med., LLC v. Interactive Digital Solutions, Inc.*, No. 1085, 2012 WL 6628922, at *10 (Md. Ct. Spec. App. 2012) (citation omitted).

In this case, Plaintiff fails to state a facially plausible breach of contract claim. Plaintiff alleges that she entered into a settlement agreement with Saxon on March 3, 2011 and that the settlement lowered her mortgage payment to approximately $1,000. Plaintiff then alleges that, "shortly thereafter," Saxon assigned its interest in the loan to Defendants. Plaintiff continues that,

in January 2012, Defendants stated that the new monthly payment was $2,220.15. This amount, according to Plaintiff, violated the terms of her settlement agreement. But Plaintiff does not allege that she paid her loan between the time she entered into the settlement agreement and the time Defendants told her that she owed $2,220.15. Nor does Plaintiff specify any terms of the settlement agreement other than that, at least for the relevant period, her monthly mortgage payment would be in the $1,000 range. Based on these sparse allegations, the Court cannot draw a plausible inference that Plaintiff made any loan payments after Saxon assigned its interest in the loan to Defendants. Nor can the Court plausibly infer that the settlement agreement's terms prohibited Defendants from increasing the monthly payment amount where the borrower misses payments. Thus, while it is theoretically possible that Defendants' increase of the monthly payment violated the agreement, it is implausible that Defendants' conduct breached its terms. Accordingly, the Court dismisses Plaintiff's breach of contract claim.

Defendants urge the Court to dismiss the claim with prejudice or to grant summary judgment in their favor. Defendants argue that the settlement agreement is unenforceable as a matter of law on statute of frauds grounds. Although Defendants have adduced a copy of the agreement that Plaintiff evidently did not sign, Plaintiff has submitted an email from a Saxon representative in which he states that "there's no need for the settlement agreement to be re-executed." Doc. No. 11-1 at 1. Furthermore, Defendants suggest that Plaintiff made one payment after Saxon assigned it the loan and that she is in possession of the property. On these facts, it is not yet clear that the statute of frauds applies. *Cf. Fraley v. Null, Inc.*, 224 A.2d 448, 452 (Md. 1966) (Parties may seek to bar the statute of frauds "by coupling the oral contract with possession, improvements to the property or partial performance.").

Alternatively, Defendants assert that the evidence conclusively shows that Plaintiff did not pay her loan after Saxon assigned it to them. Therefore, Defendants suggest that there is no genuine dispute for trial on Plaintiffs' breach of contract claim. Although Defendants' evidence does suggest that Plaintiff did not satisfactorily make mortgage payments, it is unclear in view of the settlement agreement whether Defendants had a right to raise the monthly payment amount.

For these reasons, the Court dismisses Plaintiff's breach of contract claim without prejudice. The Court grants Plaintiff leave to file an Amended Complaint. The Court admonishes Plaintiff to allege sufficient factual matter from which one can plausibly infer that there is a contract between Plaintiff and Defendants governing the subject matter at issue and that Defendants have breached its terms. If Plaintiff fails to state a cognizable breach of contract claim in her Amended Complaint, the Court may dismiss the breach of contract claim with prejudice.

**B.      MCPA**

   *1.      Material Misrepresentation*

The MCPA prohibits commercial entities from engaging in any "unfair or deceptive trade practice" in "[t]he extension of consumer credit." Md. Code Ann., Com. Law § 13-303. The MCPA defines "unfair or deceptive" trade practices to include "false . . . or misleading oral or written statement[s] . . . or other representations . . . [that have] the capacity, tendency, or effect of deceiving or misleading consumers." *Id.* § 13-301. Consumers "may bring an action to recover for injury or loss sustained . . . as the result of" such a misrepresentation. *Id.* § 13-408(a). Consumers must prove that they relied on the misrepresentation in question to prevail on a damages action under the MCPA. *Philip Morris Inc. v. Angeletti*, 752 A.2d 200, 235 (Md. 2000) (citing cases). A consumer relies on a misrepresentation when the misrepresentation substantially

induces the consumer's choice. *Compare Luskin's, Inc. v. Consumer Prot. Div.*, 726 A.2d 702, 727 (Md. 1999) (rejecting the notion that but-for causation is the proper standard for determining reliance under the MCPA), *with Nails v. S & R, Inc.*, 639 A.2d 660, 669–70 (Md. 1994) (rejecting the argument that but-for causation is the proper test for reliance in the context of fraud and, instead, enunciating a standard substantial inducement).

Plaintiffs must plead fraud claims under the MCPA with particularity. *McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 104 (D. Md. 2010) (citations omitted). "[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Chubb & Son v. C & C Complete Servs., LLC*, Civil Action No. 8:12–cv–01127–AW, 2013 WL 336718, at *3 (D. Md. Jan. 23, 2013) (citation and internal quotation marks omitted).

In this case, Plaintiff has failed to state a facially plausible material misrepresentation claim. Plaintiff has insufficiently stated that Defendants made a "misrepresentation" to her. Plaintiff simply alleges that Defendants charged her too much for her monthly mortgage payment in contravention of the settlement agreement. Assuming this allegation constitutes a misrepresentation under the MCPA, Plaintiff has not alleged with particularity the identity of the person who made the misrepresentation or its time, place, and contents. Plaintiff has also inadequately alleged the element of reliance. Plaintiff has not adequately alleged that she made a harmful consumer choice based on Defendants' alleged misrepresentation of the amount of her monthly mortgage payment. Assuming Plaintiff alleged that she relied on Saxon's misrepresentation that she would have to pay only a certain amount, the Court could not impute this misrepresentation to Defendants. *See Onwumbiko v. JP Morgan Chase Bank, N.A.*, Civil

Action No. 8:12–cv–01733–AW, 2012 WL 6019497, at *3 (D. Md. Nov. 30, 2012) (citations omitted) (rejecting argument that successor-in-interest is responsible for predecessor-in-interest's fraud because Maryland does not recognize assignee liability).

For these reasons, the Court dismisses Plaintiff's MCPA claim. Although the Court harbors reservations regarding the ultimate viability of this claim, this dismissal is without prejudice seeing that the Court has already granted Plaintiff leave to amend her breach of contract claim. If Plaintiff fails to state a facially plausible MCPA misrepresentation claim the second time around, the Court may dismiss this claim with prejudice.

    *2.*    *Material Omission*

The MCPA prohibits commercial entities from engaging in any "unfair or deceptive trade practice" in "[t]he extension of consumer credit." Md. Code Ann., Com. Law § 13-303. The MCPA defines "unfair or deceptive" trade practices to include the "[f]ailure to state a material fact if the failure deceives or tends to deceive." *Id.* § 13-301(3). Likewise, deceptive or unfair trade practices include an "omission of any material fact with the intent that a consumer rely on the same in connection with: . . . [t]he promotion or sale of any . . . consumer service." *Id.* § 13-301(9). Such omissions are material "if a significant number of unsophisticated consumers would find that information important in determining a course of action." *Green v. H & R Block, Inc.*, 735 A.2d 1039, 1059 (Md. 1999) (citations omitted). A significant number of unsophisticated consumers would find the omitted information important in determining a course of action where such information would likely affect their choice of a good or service. *See Luskin's*, 726 A.2d at 713 (citation omitted). In other words, material omissions occur where a significant number of unsophisticated consumers likely would not have made the disputed choice had the commercial entity not omitted the information in question. *See id.*; *Smith v. Capital One*

7

*Auto Fin., Inc.*, No. JKB–11–1023, 2011 WL 3328565, at *4 (D. Md. Aug. 2, 2011). Material omission claims under the MCPA sound in fraud and must be pleaded with particularity. *See McKinney*, 776 F. Supp. 2d at 104 (citations omitted).

In this case, Plaintiff has failed to state a cognizable material omission claim. Plaintiff simply has not alleged that Defendants made an omission or that she relied on an omission. Plaintiff does allege that Defendants failed "to state a material fact and the failure deceived or tended to deceive the [Plaintiff]." Doc. No. 2 ¶ 20. This allegation constitutes the classic "threadbare recital" of the elements of the cause of action and, hence, warrants no weight.

In light of the foregoing, this Court dismisses Plaintiff's MCPA material omission claim without prejudice. As with her other claims, Plaintiff may reassert this claim in her Amended Complaint. If Plaintiff fails to state a facially plausible material omission claim in her Amended Complaint, the Court may dismiss this claim with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motion to Dismiss. A separate Order follows.

| March 26, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |